(56 Misc. Rep. 406.)

### BOENHARDT v. LOCH et al.

(Supreme Court, Special Term, New York County. November, 1907.)

1. CHARITIES—TRUSTS—ENFORCEMENT—DISTRIBUTION OF FUNDS.

   Where a fund is in the hands of a committee appointed to accept donations for relief of sufferers in a certain steamboat disaster, its distribution, regardless of the exercise of good faith by such committee, will not be directed.

2. SAME—TERMINATION.

   Where money was donated for the relief of sufferers in a certain disaster, if the money should prove more than sufficient for the purpose, the surplus would revert to the donors, if ascertainable; otherwise, to the state.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Charities, § 62.]

Action by Albin Boenhardt against Jacob W. Loch and others for an accounting by trustees. Complaint dismissed.

House, Grossman & Vorhaus (Louis J. Vorhaus and Charles Goldzier, of counsel), for plaintiff.

Decker, Allen & Storm (Charles A. Decker, of counsel), for defendant trustees.

Marks & Wielar, for defendant Attorney General.

MacLEAN, J. The plaintiff, in his own behalf and in behalf of all others similarly situated, alleged that on or about June 15, 1904, he was a passenger on the steamboat General Slocum, and received serious and permanent injuries in the disaster that overtook that boat; that the defendants, other than the Attorney General, as members of the "Ministers' Committee," so styled, received contributions "expressly made for the benefit of the sufferers of the said calamity and for the purpose of being distributed among persons who had sustained injury thereat"; that some of the moneys so contributed have been distributed for the benefit of such persons, among whom is the plaintiff; that a large amount of said contributions remains unexpended in the hands of the defendants, other than the Attorney General; that he has demanded a further share, but has been refused; and that the said committee has refused to make any distribution of the moneys so remaining, or "further to perform their duties as such committee, in violation of the trust imposed upon them, and retain the said fund, or the unexpended balance thereof, in their hands, in violation of such trust, and for their own use, benefit, and behalf"—and prays that it be decreed that the plaintiff and others injured as aforesaid are entitled to distributive shares of the funds in the hands of the committee, and that said committee be removed for neglect and be required to account for all moneys by them so received. It would seem, as stated in the

case of Loch v. Mayer, 50 Misc. Rep. 442, 444, 100 N. Y. Supp. 837, that:

"The donors gave the funds now in the possession of the plaintiffs (herein the defendants, 'Ministers' Committee') without reservation and without specific instructions, and merely upon the understanding that in the exercise of good faith and discretion the plaintiffs (herein the defendants, 'Ministers' Committee') should apply the donations to the relief of suffering incident to the Slocum disaster. The expression of this purpose, by oral and written declarations and by conduct, impressed upon the funds received by the plaintiffs (herein the defendants, 'Citizens' Committee') the character as a valid trust for the benefit of an unascertainable and definite class of beneficiaries."

Evidence of misfeasance or of malfeasance herein there is none. Therefore the removal of the committee and an accounting may not be decreed, even were this plaintiff entitled to maintain this action therefor. The claim of the plaintiff, suing for himself and others similarly situated, therefore reduces itself to a claim for distribution, regardless of the further exercise of good faith and discretion by the trustees in the matter of the relief of suffering incident to the Slocum disaster, of proceeds or funds donated for relief and not as a gift. If the funds may still be expended for such relief, it is the duty of the trustees, and not the province of this court, to act and to exercise discretion therein and thereto. If the moneys donated should prove more than sufficient for the purpose for which they were donated, it does not follow that the surplus belongs of right to the sufferers in or from said disaster; but it is to be held as a resulting trust in favor of the donors. If they are not ascertainable, such surplus, the legal estate of which is in the trustees, failing of ownership, would revert to the state, as it is unaffected by Laws 1893, p. 1748, c. 701, as amended by Laws 1901, p. 751, c. 291; the amendatory act reciting that "the Supreme Court shall have control over gifts, grants, bequests and devises in all cases provided for by section one of this act," and section 1 provides that "no gift, grant, bequest or devise to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder," which is not this case, as here the beneficiaries are persons within an ascertainable and defined class, and so not within the provisions of the act or of the application of the cy-pres doctrine thereunder, to which distribution under the present claim would seem to be tantamount. The complaint will therefore be dismissed, with costs.

Complaint dismissed, with costs.